# Davis *v*. Keasey, Appellant.

*Contracts—Oral contracts—Evidence—Past services as consideration—Relevancy.*

Where in an action on an oral contract for commissions alleged to be due plaintiff for leasing land belonging to defendants it was alleged that under the contract in suit plaintiff was to be paid for past services rendered under a former contract which had been rescinded, if he should succeed in leasing the land, evidence relating to the terms of the first contract and the services rendered thereunder was relevant to show the circumstances under which the second contract was made and a part of the consideration therefor.

Argued Oct. 13, 1914. Appeal, No. 26, Oct. T., 1914, by defendants, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1911, No. 18, on verdict for plaintiff in case of John D. Davis v. Webster Keasey and S. M. Jones. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit for commissions alleged to be due under an oral contract. Before DAVIS, J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $1,708.50 and judgment thereon. Defendants appealed.

*Error assigned* was in admitting evidence referred to in the opinion of the Supreme Court.

*Stephen Cummings,* with him *E. B. Scull,* for appellants.

*H. S. McKinley,* with him *Hill Burgwin* and *George C. Burgwin,* for appellee.

PER CURIAM, January 2, 1915: .
This action was on an oral contract for commission for

the leasing of a tract of limestone. A contract by the defendants to pay the plaintiff a fixed amount, if he sold or leased the land, had been rescinded by the defendants and it was alleged by the plaintiff that a new contract had been entered into by which he was to be paid for past services and services to be rendered if they led to a sale or lease. Whether a second contract had been made was the question of fact at the trial and it was submitted to the jury in a manner to which no exception was taken by the defendants. The only assignment of error is to the admission of testimony in relation to the terms of the first contract and the services rendered under it. This testimony was relevant to show the circumstances under which the second contract was made, and a part of the consideration therefor.

The judgment is affirmed.